UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TAHARQA PIYE MENTUHOTEP,                            :

              Plaintiff,                            : 16 Civ. 2871 (GBD) (GWG)

   -v.-                                                         : REPORT AND RECOMMENDATION

NEW YORK CITY POLICE
DEPARTMENT, et al.,                                        :

              Defendants.                        :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      The complaint in this case alleges that on December 1, 2014, at 2:40 a.m., police officers stopped plaintiff in Manhattan for allegedly driving through a red light and drinking, and then "subjected [him] to custodial interrogation" without providing any Miranda warnings. Complaint, dated Apr. 18, 2016 (Docket # 1), at 2-3. Plaintiff seeks $60 million in damages for the alleged violation of his rights. Id. at 5. It thus appears that the only injury alleged by plaintiff is that he was not given warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966).

      While under Miranda, a defendant has a constitutional right not to have a coerced statement used against him, it is settled that a defendant does not have a constitutional right to receive Miranda warnings. See Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 346 (2d Cir. 1998); accord New York v. Quarles, 467 U.S. 649, 654 (1984). Thus, a plaintiff cannot use a failure to comply with Miranda as a basis for a claim under 42 U.S.C. § 1983 unless, at a minimum, the statements improperly obtained were used against the plaintiff in a criminal proceeding. See Deshawn E., 156 F.3d at 346; Weaver v. Brenner, 40 F.3d 527, 535 (2d Cir. 1994). Also, a plaintiff must show that the statement was obtained by coercion — which cannot be established merely by showing that a police officer failed to administer Miranda warnings. See DeShawn E., 156 F.3d at 346 (citing Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973)) (additional citations omitted).

      Here, the complaint does not allege that any statement obtained from plaintiff was used against him in a criminal proceeding. Thus, the complaint fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      It is settled that a "district court has the power to dismiss a complaint sua sponte for failure to state a claim" as long as the plaintiff is given an opportunity to be heard. Wachtler v. Cty. of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). By Order dated April 22, 2016 (Docket # 5), the Court explained the deficiencies in the complaint and ordered plaintiff to explain in a letter or memorandum of law why this case should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff never filed any response to this Order.

Accordingly, this case should be dismissed for failure to state claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff should be given leave to file an amended complaint within 30 days of the dismissal in the event he is able to correct the deficiencies in the complaint by pleading facts that would state a claim against defendants.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. George B. Daniels at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Daniels. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: May 31, 2016
      New York, New York

                                                            GABRIEL W. GORENSTEIN
                                                            United States Magistrate Judge

Copy sent to:

Taharqa Piye Mentuhotep
157 Belmont Ave., Apt. 11F
Brooklyn, NY 11212

Counsel by ECF

2