UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
TAHARQA PIYE MENTUHOTEP,

               Plaintiff,

   -against-

NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER CLIFFORD
HOLLYWOOD, POLICE OFFICER SALVATO,
POLICE OFFICER TARAS KOLOSIE,

               Defendants.
------------------------------------- x



MEMORANDUM DECISION
AND ORDER

16 Civ. 2871 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

*Pro se* plaintiff Taharqa Piye Mentuhotep ("Plaintiff") brings this action against defendant New York City Police Department, and individual defendants Police Officer Clifford Hollywood, Police Officer Salvato, and Police Officer Taras Kolosie (collectively "Defendants"). (*See* Compl., ECF No. 1.) Plaintiff alleges that on December 1, 2014, at 2:40 a.m., Defendants violated his constitutional rights by stopping him in Manhattan for drinking and driving through a red light, and then failing to provide any *Miranda* warnings prior to a subsequent "custodial interrogation." (*See* Compl., at ¶ II.D.). Plaintiff seeks $60 million in damages for the alleged injury caused by Defendants' failure to issue warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1996).

Before this Court is Magistrate Judge Gorenstein's May 31, 2016 Report and Recommendation ("Report," ECF No. 11), recommending that this Court dismiss Plaintiff's Complaint sua sponte pursuant to Federal Rule of Civil Procedure 12(b)(6), with leave for Plaintiff to amend the Complaint within 30 days.[1] (Report at 2.)

---

[1] As the Report notes, it is well settled that a "district court has the power to dismiss a complaint sua sponte for failure to state a claim" so long as the plaintiff is given an opportunity to be heard. *Wachtler v. Cty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). Plaintiff was given such opportunity by

## I. LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.") (internal citations and quotation marks omitted)).

Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 2); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). As of the date of this Order, no objection to the Report has been filed.

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester Cty.*, No. 12–CV–6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). While courts read *pro se* complaints "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal citation and quotation marks omitted), *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (internal quotation marks omitted). Dismissal is

---

Order dated April 22, 2016, (ECF No. 5), in which the Court explained the deficiencies in the Complaint and ordered Plaintiff to file a response explaining why the case should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). (Report at 1.) Plaintiff failed to respond. (*Id.*)

2

justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to rewrite it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted); *see also Sharma v. D'Silva*, No. 14-CV-6146, 2016 WL 319863, at *3 (S.D.N.Y. Jan. 25, 2016).

This Court is satisfied that the Report contains no clear error of law and adopts the Report in full.

## II. PLAINTIFF'S CLAIM FAILS AS A MATTER OF LAW

Under *Miranda*, a defendant has a Fifth Amendment right prohibiting the use of coerced statements against him in criminal proceedings. *See Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998); *accord New York v. Quarles*, 467 U.S. 649, 654 (1984). Plaintiff fails to allege that any statement obtained by Defendants was used against him in a criminal proceeding, (Report at 2), as is required to state a viable § 1983 claim based on a Fifth Amendment violation. *See Deshawn E.*, 156 F.3d at 346; *Weaver v. Brenner*, 40 F.3d 527, 535 (2d Cir. 1994). The Report therefore properly recommended that the Complaint be dismissed sua sponte pursuant to Rule 12(b)(6). (*See* Report at 1-2). This Court accepts that recommendation.

## III. LEAVE TO AMEND

"[A] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotations and alterations omitted). The Report therefore properly recommended that this Court grant Plaintiff leave to amend the Complaint in the event he is able to correct its deficiencies by pleading additional facts

3

sufficient to state a claim against Defendants. This Court accepts that recommendation and grants Plaintiff leave to amend the Complaint within 30 days of this Order.

## IV. CONCLUSION

Having reviewed Magistrate Judge Gorenstein's Report and Recommendation, this Court finds no clear error in the Report and adopts it in full. The Complaint is hereby DISMISSED, with leave to amend to cure its current defects if amendment would not be futile.

Dated: New York, New York
      June 21, 2016

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

4